**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| STEPHANIE BROWN, on behalf of herself and others similarly situated, | Case No. 1:24-cv-00016-MAC |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| PREMIER HEALTH SOLUTIONS, LLC, | |
| Defendant. | |

**REPORT OF RULE 26(f) MEETING**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties, Andrew Roman Perrong for Plaintiff, and Deanne Ayers for the Defendant, conferred on February 29, 2024 and provide the following information:

1.     **Discussion of Claims, Defenses and Relevant Issues**:

Plaintiff Stephanie Brown claims as follows:  Plaintiff has brought this class action under the Telephone Consumer Protection Act (TCPA) and Florida Telephone Solicitation Act (FTSA), alleging she received multiple telemarketing calls advertising the Defendant's services, despite Plaintiff having placed her residential phone number on the National Do Not Call Registry and never having consented to the calls to begin with. Through the classes she has pled, Ms. Brown seeks to represent other individuals who received similar communications from the Defendant. To prevail on the FTSA claims, the Plaintiff must prove that (1) a telephonic sales call, (2) was made to her number, and (3) that such call used an automatic system for the selection and dialing of telephone numbers. FLA. STAT. § 501.059(8)(a). To prevail on the TCPA claims, the Plaintiff must prove that (1) at least two telemarketing calls, (2) was made to her number, (3) within any 12 month period, (4) without emergency purposes, and (5) with her

telephone number on the National Do Not Call Registry. Plaintiff is unaware of any cases related to this case pending in any state or federal court.

In response, the Defendant Premier Health Solutions, LLC claims as follows: Defendant disputes that Plaintiff has properly and completely set forth all elements of each claim that Plaintiff must meet to sustain her burden of proof.  Further, Plaintiff is an individual who engages in litigation, not as a casual consumer but rather as a person who engages in litigation for trade and on information and belief engages in serial litigation. On information and belief Plaintiff has been a plaintiff in as many as fourteen (14) lawsuits containing substantially identical allegations to those made herein. On information and belief Plaintiff may have engaged in activity to solicit calls. Defendant maintains that it has not engaged in making or causing to be made any unsolicited call to Plaintiff. Defendant believes a forensic examination of Plaintiff's electronic devices will yield further defenses.

Plaintiff's claims were not typical of the alleged putative class. Plaintiff's conduct in inducing calls, if any, necessitates an inquiry into Plaintiff's Article III standing, as it is not clear her claimed injury is fairly traceable to this Defendant's conduct. Plaintiff is not an adequate class representative. This Plaintiff, as a serial plaintiff, should not be permitted to represent a putative class.

Plaintiffs' proposed class allegations should be stricken because Plaintiff seeks injunctive relief secondary to statutory monetary damages. Specifically, Plaintiff primarily seeks statutory monetary damages. Secondary to the aforementioned statutory monetary damages, Plaintiff also seeks injunctive relief. Claims for injunctive relief may only be certified under FRCP, Rule 23(b)(2) where the monetary relief sought is incidental to the injunctive or declaratory relief sought. Pursuant to FRCP, Rule 23(b)(2), certification is proper only when injunctive or

declaratory relief is the predominant remedy requested for the putative class members. *See Wal-Mart Stores, Inc., supra,* 131 S. Ct. at 2557; *see also Progressive Health & Rehab Corp. v. Quinn Med., Inc.* (S.D. Ohio 2017) 323 F.R.D. 242, 248 (plaintiff's claim for injunctive relief was stricken because plaintiff sought an individualized award of monetary damages under the TCPA that was not incidental to plaintiff's claim for injunctive relief.).

Plaintiffs' proposed class definitions should be stricken because they are facially overbroad, and the proposed classes are uncertifiable. In the instant matter, it is axiomatic that a putative "class must not be defined so broadly that it encompasses individuals who have little connection with the claim being litigated; rather, it must be restricted to individuals who are raising the same claims or defenses as the representative." See 7A Wright & Miller, Federal Prac. & Proc. § 1760 (3d ed. 2005). Rule 23(a) contains four prerequisites for class certification: numerosity, commonality, typicality, and adequacy. A plaintiff seeking class certification has the burden proving that the proposed class meets the four requirements. Failure to satisfy even one of these elements precludes class certification. After the plaintiff has passed the initial Rule 23(a) threshold, the plaintiff must satisfy one of the conditions of Rule 23(b) (one of which is predominance) in order to gain class certification. Plaintiff's proposed definitions are facially overbroad and the proposed class uncertifiable because Plaintiff did not properly or sufficiently exclude potential class members. Specifically, Plaintiff failed at a minimum, to exclude persons that: (1) consented to be called (i.e., provided "prior express invitation or permission"), (2) have an "established business relationship", or (3) did not use their phone for "residential" purposes. See 47 U.S.C. § 227(c)(5); 47 C.F.R. §§ 64.1200(c)(2), 64.1200(f)(5) & 64.1200(f)(14) (no DNC violation for calls made with the "prior express invitation or permission" of recipient or where recipient has an "established business relationship" with the caller); *see also Abante Rooter and*

*Plumbing, Inc. v. Pivotal Payments, Inc.* (N.D. Cal. 2017, No. 16-CV-05486-JCS) 2017 WL 733123, at 9 (Section 227(c) "applies to TCPA violations based on calls made to residential telephone subscribers, not cellular telephones"); *see also Licari Family Chiropractic Inc. v. eClinical Works, LLC* (M.D. Fla. 2019) 2019 WL 7423551, at 3–5 (denying class certification in TCPA case where proposed class did not exclude individuals who solicited the fax in question and therefore had no claim).

Plaintiff's Complaint also reveals a number of other areas where commonality of the claims across a putative class fails. For every number that Plaintiff alleges would fall within the putative class, there will be individualized questions with regard to: 1) whether the person identified from telephone records who received a call actually picked up the call (i.e., did the call go to an answering machine); 2) whether that person opted in, and in what manner, to receive a call; 3) whether that person pressed "1" to be connected to an agent; 4) whether the person pressed "1" and opted in to receive additional information 5) whether that person ultimately chose to purchase a good or service. Accordingly, individualized issues predominate over any common questions of law or fact in regard to Plaintiff's Complaint. Plaintiff will not be able to meet the requirements of FRCP 23(a)(2) and 23(b)(3), and accordingly, Plaintiff's class action should be dismissed under FRCP 12(b)(6), or in the alternative, be stricken under FRCP 23(c)(1)(A).

Plaintiff's individual claims lack merit as this Defendant did not call Plaintiff or cause Plaintiff to be called, alternatively if such a call was made, which is denied, there was consent and authorization for such call.

2. **Informal Disclosures**: The parties will have identified witnesses and identified and produced documents falling within the definition of initial disclosures under Rule 26(a)(1) in advance of the Rule 16 Conference.

3.    **Formal Discovery**:

The Parties refer the Court to the attached proposed scheduling order setting forth applicable dates in this case.

Plaintiff's Position:  The Plaintiff will need to seek discovery on the calling conduct at issue, including the number of calls that were sent to the Plaintiff and the class, class members whose numbers are protected by the FTSA, Defendant's policies and procedures regarding TCPA compliance, and discovery related to any vendors or third parties which may have placed the calls or which otherwise may be liable for the calling conduct at issue. The Plaintiff will need to take between 3-5 depositions. Third Party discovery may be necessary if it is revealed that a third-party vendor placed the calls at issue.

Defendant's Position:  Defendant will need discovery, including forensic examination of Plaintiff's electronic devices, apps, incoming and outgoing calls, incoming and outgoing texts and incoming and outgoing emails. Defendant will need discovery of identities used by Plaintiff, call forwarding employed by Plaintiff, and conduct establishing Plaintiff as a litigant by trade and/or serial litigant. Defendant anticipates up to 10 depositions. However, should a class to be certified, additional depositions and discovery will be necessary. Defendant disputes that Plaintiff is entitled to the discovery she seeks as she is not a qualified lead plaintiff. Further, in a TCPA case, permitting a facially uncertifiable class to proceed to discovery can result in Defendant being required to respond to burdensome and expensive discovery regarding every call it made during the class period on the grounds that each call could potentially be a TCPA violation, even though a class that broad could never be certified under FRCP, Rule 23. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558-559 (2007 (emphasizing the expense and burden of discovery in class actions and stressing that neither "careful case management," nor "careful

scrutiny of the evidence at the summary judgment stage," will protect defendants from incurring enormous discovery costs).

    4.      **Electronic Discovery:**

<u>Plaintiff:</u>  The Plaintiff requests and expects that all electronic discovery in this case will be produced in PDF files along with any attachments other than calling data, which should be produced in its native format. Each party is to presumptively bear the cost of producing the electronic discovery.

<u>Defendant:</u>  Defendant expects electronic and forensic discovery of Plaintiff's electronic devices.

    5.      **Expert Discovery:**

<u>Plaintiff's Position:</u>  The Plaintiff may retain a class-wide expert with respect to analyzing the class-wide calling data for, among other things, identifying class members on the do not call registry, identifying class members, and evaluating the invalidity of any class-wide consent data.

<u>Defendant's Position:</u>  Defendant disputes that Plaintiff qualifies to obtain a class certification. However, Defendant will retain an expert to conduct a forensic examination of Plaintiff's electronic devices, downloaded apps, call forwarding on Plaintiff's devices, identities utilized by Plaintiff, and Plaintiff's incoming and outgoing calls, texts and emails. Defendant may retain an expert to refute any allegation that Defendant called Plaintiff or anyone else on the Do Not Call registry without request or other authorization.

6.      **Settlement or Resolution:**

Plaintiff's Position:  The Plaintiff will tender a class-wide settlement demand to the Defendant after the Plaintiff has propounded and received responses to discovery to ascertain the potential number of class members and any applicable class-wide claims and defenses. The Plaintiff is agreeable to resolve this matter on a class-wide basis through ADR.

Defendant's Position:  Defendant maintains that a class should not be certified and that Plaintiff is not a proper representative of any defined class.

7.      **Other Matters:**

The parties are unable to jointly consent to trial before a magistrate judge.

Dated: March 29, 2024

<div style="margin-left: 40%;">

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong (E.D. Tex. # 333687PA)
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Attorney for Plaintiff*

*/s/ Deanne C. Ayers*
Deanne C. Ayers
State Bar No. 01465820
dayres@**ayersfirm**.com
**AYERS & AYERS**
4205 Gateway Drive, Suite 100
Colleyville, Texas 76034
(817) 267-9009 Telephone
(817) 318-0663 Facsimile
**ATTORNEYS FOR DEFENDANT**
**PREMIER HEALTH SOLUTIONS, L.L.C.**

</div>