IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| STEPHANIE BROWN, on behalf of herself and others similarly situated, § § § § | | |
| Plaintiff, § § | | |
| vs. § § | Civil Action No. 1:24-cv-16-MAC | |
| PREMIER HEALTH SOLUTIONS, LLC, § § § | | |
| Defendant. § | | |

## PREMIER HEALTH SOLUTIONS, L.L.C'S MOTION FOR PROTECTIVE ORDER

COMES NOW, Premier Health Solutions, LLC ("Premier"), and files this Motion for Protective Order, as follows:

**I.**

## Plaintiff is Not a Proper Lead Plaintiff for a Proposed Class Action

1. Plaintiff has filed this lawsuit under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*. and the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. §501.059.  While Plaintiff asserts that she received call(s) despite being registered on the Do Not Call Registry, Defendant has no evidence of any telephone call being placed to her telephone number and Plaintiff has failed to provide any initial disclosure or documents that substantiates any portion of her claim. Further, Plaintiff is not an appropriate representative for any proposed class.  Plaintiff appears to be a serial litigant and/or commercial litigant who is filing/has filed multiple similar lawsuits. Based on information and belief, this Plaintiff has filed at least fourteen (14) class action TCPA

lawsuits since 2020. Based on information and belief, at least one of Plaintiff's current counsel has represented her in at least four of those lawsuits and in four of those lawsuits she has identified the same phone number as receiving calls. If Plaintiff is a serial filer posing as a consumer, she is not an appropriate representative of a class.

2. Plaintiff has served class action discovery. Examples of this discovery are:

> (Interrogatory #4)Identify all vendors involved in making outbound calls promoting your goods and services. This includes, but is not limited to, (a) third parties that you contract with who make telemarketing calls to generate leads (b) the dialing system platform or provider used to make those calls;
>
> (Interrogatory #11) Identify all employees or representatives of each vendor that made telemarketing calls and generated leads for you that you have interacted with during the putative class period and the general nature of those interactions;
>
> (Request for Production #6) Please produce all documents relating to complaints or do-not-call requests concerning outbound calls, including, but not limited to, lists or databases containing complaints about them, and information identifying the complainants. This request includes any complaints to you by mail, email, live call, IVR, SMS, web form, social media, FCC, FTC, CFPB, state attorney general, BBB or any other source. Plaintiff's discovery as submitted to Defendant is attached hereto as Exhibit A.

3. Defendant objects to this discovery in that it is not believed that Plaintiff can act as a class representative. As Plaintiff is not an appropriate class representative, Defendant seeks protection from answering the burdensome discovery served by Plaintiff. Plaintiff is an individual who engages in litigation, not as a casual consumer but rather as a person who engages in litigation for trade and on information and belief engages in serial litigation. See Exhibit B. On information and belief Plaintiff may have engaged in activity to solicit calls. Defendant maintains that it has not engaged in making

or causing to be made any unsolicited call to Plaintiff. Defendant believes a forensic examination of Plaintiff's electronic devices will yield further defenses.

Plaintiff's claims were not typical of the alleged putative class. Plaintiff's conduct in inducing calls, if any, necessitate an inquiry into Plaintiff's Article III standing, as it is not clear her claimed injury is fairly traceable to this Defendant's conduct. Plaintiff is not an adequate class representative. This Plaintiff, as a serial plaintiff, should not be permitted to represent a putative class.

Plaintiffs' proposed class allegations should be stricken because Plaintiff seeks injunctive relief secondary to statutory monetary damages. Specifically, Plaintiff primarily seeks statutory monetary damages. Secondary to the aforementioned statutory monetary damages, Plaintiff also seeks injunctive relief. Claims for injunctive relief may only be certified under FRCP, Rule 23(b)(2) where the monetary relief sought is incidental to the injunctive or declaratory relief sought. In other words, under FRCP, Rule 23(b)(2), certification is proper only when injunctive or declaratory relief is the predominant remedy requested for the putative class members. *See Wal-Mart Stores, Inc., supra*, 131 S. Ct. at 2557; *see also Progressive Health & Rehab Corp. v. Quinn Med., Inc.* (S.D. Ohio 2017) 323 F.R.D. 242, 248 (plaintiff's claim for injunctive relief was stricken because plaintiff sought an individualized award of monetary damages under the TCPA that was not incidental to plaintiff's claim for injunctive relief.)

Plaintiff's proposed class definition renders the scope of the discovery extremely burdensome to Defendant. Plaintiffs' proposed class definitions should be stricken because they are facially overbroad, and the proposed classes are uncertifiable. In the

instant matter, it is axiomatic that a putative "class must not be defined so broadly that it encompasses individuals who have little connection with the claim being litigated; rather, it must be restricted to individuals who are raising the same claims or defenses as the representative." See 7A Wright & Miller, Federal Prac. & Proc. § 1760 (3d ed. 2005). Rule 23(a) contains four prerequisites for class certification: numerosity, commonality, typicality, and adequacy. A plaintiff seeking class certification has the burden proving that the proposed class meets the four requirements. Failure to satisfy even one of these elements precludes class certification. After the plaintiff has passed the initial Rule 23(a) threshold, the plaintiff must satisfy one of the conditions of Rule 23(b) (one of which is predominance) in order to gain class certification. Plaintiff's proposed definitions are facially overbroad and the proposed class uncertifiable because Plaintiff did not properly or sufficiently exclude potential class members. Specifically, Plaintiff failed to exclude persons that: (1) consented to be called (i.e., provided "prior express invitation or permission"), (2) have an "established business relationship", or (3) did not use their phone for "residential" purposes. See 47 U.S.C. § 227(c)(5); 47 C.F.R. §§ 64.1200(c)(2), 64.1200(f)(5) & 64.1200(f)(14) (no DNC violation for calls made with the "prior express invitation or permission" of recipient or where recipient has an "established business relationship" with the caller); *see also Abante Rooter and Plumbing, Inc. v. Pivotal Payments, Inc.* (N.D. Cal. 2017, No. 16-CV-05486-JCS) 2017 WL 733123, at 9 (Section 227(c) "applies to TCPA violations based on calls made to residential telephone subscribers, not cellular telephones"); *see also Licari Family Chiropractic Inc. v. eClinical Works, LLC* (M.D. Fla. 2019) 2019 WL 7423551, at 3–5 (denying class certification in

TCPA case where proposed class did not exclude individuals who solicited the fax in question and therefore had no claim).

Further review of Plaintiff's Complaint also reveals a number of other areas where commonality of the claims across a putative class would fail. For every number that Plaintiff alleges would fall within the putative class, there will be individualized questions with regard to: 1) whether the person identified from telephone records who received a call actually picked up the call (i.e., did the call go to an answering machine); 2) whether that person opted in, and in what manner, to receive a call; 3) whether that person pressed "1" to be connected to an agent; 4) whether the person pressed "1" and opted in to receive additional information 5) whether that person ultimately chose to purchase a good or service. Accordingly, individualized issues predominate over any common questions of law or fact in regard to Plaintiff's Complaint. Plaintiff will not be able to meet the requirements of FRCP 23(a)(2) and 23(b)(3). Plaintiff's efforts to submit overreaching and burdensome discovery to Defendant should be rejected and this Court should enter an order protecting Defendant from any obligation to respond to the discovery.

## II.

## Trial Court Discretion

4. In the Fifth Circuit, it is well established that "[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987); *see also Starrett v. Lockeed Martin Corp.*, No. 3:17-cv-00988-D-BT, 2018 WL 10345320, at *1 (N.D. Tex. Mar. 9, 2018). Good cause exists when the party from whom discovery

is sought shows it would suffer "annoyance, embarrassment, oppression or undue burden or expense" absent a stay. FED. R. CIV. P. 26(c). To determine whether a stay is appropriate, a court "must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Geraci v. City of Austin*, No. 1:19-cv-340-LY-SH, 2019 WL 6050728, at *1 (W.D. Tex. Nov. 14, 2019); *see also Von Drake v. Nat'l Broad. Co., Inc.*, No. 3–04–CV–0652–R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004) (stating that staying discovery "may be appropriate where the disposition of a motion to dismiss 'might preclude the need for the discovery altogether thus saving time and expense'") (quoting *Landry v. Air Line Pilots Ass'n Int'l AFL–CIO*, 901 F.2d 404, 436 (5th Cir.1990)).

5. "Whether discovery will be permitted in connection with a motion for a class certification determination 'lies within the sound discretion of the trial court.'" *Stewart v. Winter,* 669 F.2d 328, 331 (5th Cir. 1982)(*citing, Kamm v. California City Dev. Corp.*, 509 F.2d 205, 209 (9th Cir. 1975). It is imperative that the district court be permitted to limit pre-certification discovery to evidence that, in its sound judgment, would be necessary or helpful to the certification decision. *Id.* This discovery should only be geared to the determination of the threshold issues posed by FED. R. CIV. P. 23(a) – numerosity, commonality, typicality and adequacy of representation. *Id.* at 332.

6. In class actions, "[d]istrict courts are required to balance the need to promote effective case management, the need to prevent potential abuse, and the need to protect the rights of all parties." *Tracy v. Dean Witter Reynolds, Inc.*, 185 F.R.D. 303, 305 (D. Colo. 1998) (citations omitted). Given the fact that the Plaintiff appears to be a

serial and/or commercial litigant and there has been no initial showing that any telephone call was made by Defendant to a number on the Do Not Call Registry, it is within the Court's discretion to enter a Protective Order limiting discovery until such time as Plaintiff's status as an appropriate class representative can be established.

### III.

### Request for Protective Order

7. Federal Rule of Civil Procedure 26(c)(1) authorizes a protective order, for good cause shown:

> to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place or allocation of expenses, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters . . . .

Fed. R. Civ. P. 26(c)(1). A protective order is warranted in those instances in which the party seeking it demonstrates good cause and a specific need for protection. *See Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990). A district court has broad discretion in determining whether to grant a motion for a protective order. *See Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985). Likewise, a district court has discretion to shift the costs of discovery, in the interests of fairness. *See, e.g., Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978) (trial court has discretion under Rule 26(c) to grant orders protecting a party "from 'undue burden or expense' in

responding to discovery, including orders conditioning discovery on the requesting party's payment of the costs of discovery").

8. If the Plaintiff lacks standing to pursue class allegations, a stay of discovery is appropriate. *See Walker v. Livingston,* 381 F.App'x 477, 480, n.3 (5th Cir. 2010). Here, the Court should exercise its discretion to stay this litigation, including discovery and all deadlines, pending a determination of whether Plaintiff is an appropriate class representative and whether a class can even be certified.

DATED this 3rd day of April, 2024.

Respectfully submitted,

*/s/ Deanne C. Ayers*
Deanne C. Ayers
State Bar No. 01465820
dayers@ayersfirm.com
AYERS & AYERS
4205 Gateway Drive, Suite 100
Colleyville, Texas 76034
(817) 267-9009 Telephone
(817) 318-0663 Facsimile
**ATTORNEYS FOR DEFENDANT
PREMIER HEALTH SOLUTIONS, L.L.C.**

## CERTIFICATE OF CONFERENCE

I certify that I attempted to confer with counsel for Plaintiff regarding the merits of this motion on this the 2nd day of April, 2024. Counsel for Plaintiff has advised that this motion will be opposed.

*/s/ Deanne C. Ayers*
Deanne C. Ayers

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document was filed electronically with the United States District Court for the Eastern District of Texas – Beaumont Division, with

notice automatically routed to Plaintiff via the Court's CM/ECF system on this the 3rd day of April, 2024.

*/s/ Deanne C. Ayers*
Deanne C. Ayers