## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| STEPHANIE BROWN, on behalf of herself and others similarly situated, | : : : | CIVIL ACTION FILE NO. 24-cv-16 |
| Plaintiff, | : : | |
| v. | : : | |
| PREMIER HEALTH SOLUTIONS, LLC | : : | |
| Defendant. | : : : | |

## FIRST SET OF DISCOVERY TO DEFENDANT

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, the plaintiff requests that the defendant Premier Health Solutions, LLC ("Defendant") respond to the below.

## INSTRUCTIONS FOR INTERROGATORIES

1. Pursuant to Rule 33, submit your answers to the interrogatories herein in writing and under oath to the undersigned counsel within 30 days of the date of service on you. If any of these interrogatories cannot be answered in full, then you should answer to the fullest extent possible, specifying the reasons for your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion or portions. In answering these interrogatories, furnish such information as is available to you, regardless of whether this information is obtained directly by you, through your agents or representatives or by any of your attorneys.  For each interrogatory, please identify all persons who provided information used in answering it.

Exhibit A

2. These interrogatories are continuing in nature. In accordance with Rule 26, you are required to supplement your answers to the interrogatories when new or additional information becomes known to you.

### INSTRUCTIONS FOR REQUESTS FOR PRODUCTION

3. Pursuant to Rule 34(b)(2)(B), on the date production is due, Defendant shall produce all the responsive documents or specify a reasonable date certain on which they will be produced.

4. In accordance with Rule 34(b), you shall provide written responses to the following requests and shall produce the requested documents as they are kept in the ordinary and usual course of business or shall organize and label the documents to correspond with the categories in this request.

5. A draft and a final version are two distinct documents.

6. If Defendant withholds the production of any responsive document on the grounds that the document is privileged or otherwise protected, Defendant shall state in a privilege log the nature of the claim of privilege or protection; the type and nature of the document; the date of the document; the author(s), the addressee(s), and recipient(s) of the document; the document's present location; and any other information that will enable Plaintiff and the Court to assess the applicability of the privilege or protection.

### DEFINITIONS

The following terms shall have the following meanings, even when not capitalized or bolded:

7. **"Communication"** includes all forms of correspondence, including, but not limited to, letters, emails, voicemails, text messages, instant messages, or social media messages.

8. **"Defendant"** means the defendant named in this lawsuit who is being served with these requests and includes, without limitation, any of its past or present offices, locations, divisions, affiliates, subsidiaries, successors, predecessors, partners, joint venturers, officers, directors, employees, agents, attorneys or representatives.

9. **"Describe"** means to identify and explain fully the characteristics, nature and substance of a given thing, action, communication or event, to set forth all details, physical properties and dimensions of a physical thing inquired about, and to specify all pertinent dates, locations, causes, purposes, effects and results of the thing, action, communication or event inquired about.

10. **"Document"** means any writing as defined in Rule 34(a)(1)(A), however produced, reproduced, archived or stored, within your possession or subject to your control, of which you have knowledge or to which you now have or previously had access, including all ESI.

11. **"Identify"** (when used in reference to a document) means to state the date of preparation of the document, its author, the sender (if any), the recipient (if any), the nature of the document (e.g., letter, memorandum or tape) and other means of identification sufficient to specify the document for purposes of a request for production, and to further state its present location and custodian. If any such document was, but no longer is, in your possession or custody or subject to your control, describe what disposition was made of it and give the name,

address and telephone number of the person presently having possession, custody or control of the document.

12. "**Identify**" (when used in reference to an natural person) means to state that person's full name, title, business address, telephone number, email address, occupation and employer, along with a statement of whether that person is represented by your counsel in this litigation.

13. "**Identify**" (when used in reference to an entity) means to state the entity's full name, address, telephone number, state of incorporation or organization and web address. Unless it otherwise appears from the context, a request for the identity of a person relates to all persons in the relevant classification or category, and the request for the identity of an entity includes all affiliated entities.

14. "**Person**" means any natural person or legal entity, including, without limitation, any business or governmental entity or association.

15. "**Plaintiff**" means the Plaintiff in this lawsuit.

16. "**Policy**" means any instruction, practice, procedure, directive, routine, guideline, rule, course of conduct or code of conduct that was or has been recognized, adopted, issued or followed by you—regardless of whether written or unwritten, formal or informal, recorded or unrecorded.

17. "**TCPA**" means the Telephone Consumer Protection Act, 47 U.S.C. § 227.

18. "**Telemarketing**" means a telecommunication that could have generated or was intended to generate leads, customers or sales for you or any franchisee of yours within the United States. A communication is telemarketing even though it (1) had other, additional

purposes (e.g., fulfillment of a partially completed transaction or verification of information); (2) was to a person who had consented to receive it; (3) was to a person who had a prior existing business relationship with you; (4) was not made by you; and/or (5) was not made for your exclusive or direct benefit.

19. "**Third party**" means any natural person, partnership, association, corporation, joint venture, or other business or legal entity not owned or controlled by you.

20. "**Vendor**" means any third party under contract with, hired by, employed by, paid by or working for you, directly or indirectly, for purposes of telemarketing or phone-based activities or services, including, but not limited to, generating leads, warm transfers, hot transfers or any other call transfers, making outbound telemarketing calls, or tracking or aggregating data related to any of those activities, including, but not limited to, any co-defendant.

21. "**You**" means the entity to which these requests are propounded and includes, without limitation, any of its past or present offices, locations, divisions, affiliates, subsidiaries, successors, predecessors, partners, joint venturers, officers, directors, employees, agents, attorneys or representatives.

22. All other words shall have their ordinary definition as defined by Merriam-Webster's online dictionary, located at http://www.merriam-webster.com/.

## **RELEVANT TIME PERIOD**

Unless otherwise indicated, these requests shall pertain to the time period starting four years before the filing of the original complaint in this case and continuing through the present

and shall include all documents and information that relate in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated or received outside of that period.

## INTERROGATORIES

1. Identify each person who provided the information to answer interrogatories in this case and specify the interrogatories about which each such person provided information.

    **ANSWER:**

2. Identify all vendors involved in making outbound calls promoting your goods and services to the Plaintiff. This includes, but is not limited to, (a) third parties that you contract with who make telemarketing calls to generate leads (b) the dialing system platform or provider used to make those calls.

    **ANSWER:**

3. Identify and describe the work of each vendor.

    **ANSWER**:

4. Identify all vendors involved in making outbound calls promoting your goods and services. This includes, but is not limited to, (a) third parties that you contract with who make telemarketing calls to generate leads (b) the dialing system platform or provider used to make those calls.

**ANSWER:**

5. Identify and describe the work of each vendor.

**ANSWER**:

6. Identify each of the individuals that spoke with Plaintiff from your company or any of its vendors.

**ANSWER**:

7. If you contend that Plaintiff provided consent to receive solicitation telephone calls, state all facts in support of that contention and identify the date(s) on which and the means by which you contend consent was obtained.

**ANSWER:**

8. Identify by make, model, structure and location the system(s), platform(s), and/or equipment used by you, or any vendor, used to contact the Plaintiff.

**ANSWER:**

9. Identify your relationship with each vendor that made telemarketing calls and generated leads for you.

**ANSWER:**

10. Identify your relationship with the company that contacted the Plaintiff.

**ANSWER:**


11. Identify all employees or representatives of each vendor that made telemarketing calls and generated leads for you that you have interacted with during the putative class period and the general nature of those interactions.

**ANSWER:**


12. Identify all employees or representatives of with the company that contacted the Plaintiff you have interacted with during the putative class period and the general nature of those interactions.

**ANSWER:**


13. State all facts in support of any affirmative defenses you have raised.

**ANSWER**:


14. Identify any person (whether employed by you or not) whom you have disciplined, reprimanded, or taken similar action against for engaging in, facilitating, or allowing allegedly unlawful or unauthorized outbound calls to occur. In your answer, please identify all persons involved in any investigation, describe the reasons for your disciplinary action or reprimand, and describe the action taken against the person.

**ANSWER**:

15. In response to which (if any) requests for production in this case have you produced no responsive documents?

**ANSWER:**

## DOCUMENT REQUESTS

1. Please produce all non-attorney-client-privileged documents identified in or used to research or draft responses to interrogatories in this case.

**RESPONSE:**

2. Please produce all documents supporting or contradicting any affirmative defense made in any answer by you to any complaint in this case.

**RESPONSE:**

3. Please produce all documents related to Plaintiff, including, but not limited to, all documents evidencing your relationship with Plaintiff or your investigation into outbound calls made to Plaintiff.

**RESPONSE:**

4. Please produce all documents relating to any failure by you, or a vendor, to abide by your policies relating to the sending of outbound calls.

**RESPONSE:**

5. Please produce all documents relating to the failure, alleged failure, or possible failure of your vendors to comply with any agreements, contracts, statements of work, policies or other instruction(s) related to outbound calls.

**RESPONSE:**

6. Please produce all documents relating to complaints or do-not-call requests concerning outbound calls, including, but not limited to, lists or databases containing complaints about them, and information identifying the complainants. This request includes any complaints to you by mail, email, live call, IVR, SMS, web form, social media, FCC, FTC, CFPB, state attorney general, BBB or any other source.

**RESPONSE:**

7. All contracts or documents representing agreements with each vendor that made telemarketing calls and generated leads for you.

**RESPONSE:**

8. All contracts or documents representing agreements with the company that contacted the Plaintiff

**RESPONSE:**

9. All contracts or documents representing agreements with any vendors that contacted putative class members but not the Plaintiff.

**RESPONSE:**

10. All communications with each vendor that made telemarketing calls and generated leads for you.

**RESPONSE:**

11. All communications with the company that contacted the Plaintiff

**RESPONSE:**

12. All communications with any vendors that contacted putative class members but not the Plaintiff regarding outbound calling.

**RESPONSE:**

13. All internal communications at your company regarding each vendor that made telemarketing calls and generated leads for you.

**RESPONSE:**

14. All internal communications at your company regarding the company that contacted the Plaintiff

**RESPONSE:**

15.     All internal communications at your company regarding any vendors that contacted putative class members but not the Plaintiff.

**RESPONSE:**


16.     Please produce all documents relating to insurance coverage of the acts alleged by Plaintiff, including, but not limited to, all potentially applicable policies issued by any insurer and all communications with any such insurers, including, but not limited to, reservation-of-rights letters, regardless of whether or not such coverage purports to exclude the acts alleged in this matter and regardless of whether or not such insurers have declined coverage in this matter.

**RESPONSE:**


17.     Please produce all indemnification agreements under which a third party may be responsible for satisfying all or part of a judgment that may be entered against you in this action, and all communications with those third parties.

**RESPONSE:**


18.     Please produce all documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of when each policy was in force. This request specifically includes, but is not limited to, policies related to the following:

    a) compliance with the TCPA, including, but not limited to the rules, regulations, opinions, advisories, comments or filings of the Federal Communications Commission that relate to the TCPA or 47 C.F.R. § 64.1200;

    b) obtaining or verifying prior express consent;

    c) complying with E-SIGN Act, 15 U.S.C. §§ 7001 *et seq.*

19. Please produce all documents containing any of the following information for each outbound telemarketing call sent by you or your vendors:

    a) the date and time;

    b) the caller ID;

    c) any recorded message used;

    d) the result;

    e) identifying information for the recipient; and

    f) any other information stored by the call detail records.

**RESPONSE:**

20. All communications with any third party concerning this litigation other than your attorney.

**RESPONSE:**

21. To the extent Defendant asserts that Defendant obtained consent or permission to contact Plaintiff or putative class members based on a visit to a website, produce documents that

identify those website(s) and the specific page(s) on those website(s) that you claim constitute consent or permission.

**RESPONSE:**

22. For any website identified in response to the prior request, produce all access logs and error logs during the day you assert that Plaintiff or putative class members visited that website.

**RESPONSE:**

Dated: March 5, 2024

                                             PLAINTIFF,
                                             By his attorneys,
                                             */s/ Anthony I. Paronich*
                                             Anthony I. Paronich
                                             Paronich Law, P.C.
                                             350 Lincoln Street, Suite 2400
                                             Hingham, MA 02043
                                             (508) 221-1510
                                             anthony@paronichlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 5, 2024, I served the foregoing on counsel for the Defendant.

                                             */s/ Anthony Paronich*
                                             Anthony Paronich