## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| STEPHANIE BROWN, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br>v.<br><br>PREMIER HEALTH SOLUTIONS, LLC,<br><br>Defendant. | Case No. 1:24-cv-00016-MAC<br><br>**JURY TRIAL DEMANDED** |

## RESPONSE IN OPPOSITION TO DEFENDANT'S
## SELF-STYLED "MOTION FOR PROTECTIVE ORDER"

Defendant Premier Health Solutions, LLC's ("Premier Health" or "Defendant") Motion for Protective Order (ECF No. 9, "Motion"), must be denied in all respects because it puts the proverbial cart before the horse. The Plaintiff has served classwide discovery in this action because she will be required to demonstrate that a class should be certified under Rule 23 of the Federal Rules of Civil Procedure. However, Defendant asks this Court to simply deny class certification and any discovery related to class certification by its own fiat. Classwide discovery is necessary in this matter because that's precisely the order in which class action cases proceed in federal court: class discovery must be conducted in order to determine whether a class can be certified. As another federal court held when resolving a similar discovery dispute in a Telephone Consumer Protection Act case:

> EAG argues that Frey is not entitled to this personal identifying information pre-class certification, but, as discussed below, the Court did not bifurcate the discovery period in this matter. As such, Frey was required to seek discovery on both his individual claim and his class claim at the same time and could not wait until after the Court ruled on his motion for class certification to request this relevant information.

*Frey v. Frontier Utils. Ne. Llc*, No. 19-2372-KSM, 2020 U.S. Dist. LEXIS 260620 *5-6 (E.D. Pa. Apr. 13, 2020).

Should the Defendant's conclusory allegations find any weight or support in discovery, Defendant will be free to bring such issues up at class certification to demonstrate why, in its opinion, the class should not be certified. But Defendant cannot be permitted to simply bury its head in the sand and refuse to conduct discovery on a classwide basis on the grounds that it feels it will eventually prevail at class certification. Because classwide discovery is necessary to determine if a class should be certified, the Defendant's motion must be denied and Defendant ordered to make a complete response.

## LEGAL STANDARD

The Defendant's motion boils down to three main arguments. First, the Defendant claims that, in its view, because the Plaintiff has failed to meet various Rule 23 standards, it should not have to conduct discovery. The Defendant is unable to muster any legal authority for the proposition that a defendant should be excused from classwide discovery simply because it has defenses at the class certification stage. This proposition has no support in the law, particularly because classwide discovery is aimed at developing the claims and defenses that will eventually be brought to this court on a Rule 23 motion.

Second, the Defendant simply utilizes phrases about judicial discretion in staying discovery during the pendency of a motion to dismiss, without further analysis, to claim that this Court should exercise its discretion in not permitting classwide discovery. However, the Defendant has not moved to dismiss any of the Plaintiff's claims, let alone the class claims. Accordingly, the cases cited by the Defendant are inapposite. Indeed, the Defendant does not even *cite* to the applicable standard. Although it is true that, as in all discovery matters, the district court has broad discretion in limiting the scope of discovery, the Fifth Circuit has also emphasized that, in class action cases, "a certain amount of discovery is essential in order to

determine the class action issue and the proper scope of a class action." *Stewart v. Winter*, 669 F.2d 328, 331 (5th Cir. 1982). As will be explained below, the Defendant does not show why permitting class discovery would constitute an abuse of discretion.

Finally, the Defendant seeks entry of a protective order under FED. R. CIV. P. 26(c)(1). With respect to this request, the Fifth Circuit has reiterated the drafters' requirement that a protective order only be entered upon a showing of "good cause" to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *In re Terra Int'l, Inc.*, 134 F.3d 302, 305 (5th Cir. 1998). "Good cause" exists when disclosure will result in a *clearly defined* and *serious* injury to the party seeking the protective order. *Louisiana Corral Mgmt., LLC v. Axis Surplus Ins. Co.*, 650 F. Supp. 3d 491, 501 (E.D. La. 2023). Moreover, the party seeking the protective order bears the burden of showing that a protective order is necessary, "which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Id.* In determining good cause, the court must balance the risk of injury without the protective order and the requesting party's need for information. *Id.* And, as will be articulated below, the factors for seeking a protective order are simply not met in this case.

## ARGUMENT

1. **No facts here warrant a discretionary stay of classwide discovery.**

As explained above, the Defendant claims that, in its opinion, the Plaintiff will be unable to meet Rule 23's class certification standards. However, that argument finds no more support in any legal theory than the one that a plaintiff should not be permitted to conduct discovery into their individual claims just because the defendant will have defenses to the action at summary judgment. And although it is true that this Court retains broad discretion to permit or prohibit

3

discovery, nothing here warrants a wholesale ban on classwide discovery. The cases cited by the Defendant in support of its position, without any sort of legal analysis or application to the facts of this case, hardly warrant a discretionary stay of discovery.

In *Geraci v. City of Austin*, No. 1:19-CV-340-LY-SH, 2019 WL 6050728, at *1 (W.D. Tex. Nov. 14, 2019), the court stayed discovery into a *pro se* civil rights plaintiff's claims during the pendency of numerous motions to dismiss. In support of this holding, the Western District of Texas indicated that the case was likely barred in its entirety by immunity. It eventually dismissed the complaint in total on that very basis, demonstrating that the discretionary stay was appropriate in that instance. *Geraci v. City of Austin*, No. 1:19-CV-00340-SH, 2020 WL 1644004, at *5 (W.D. Tex. Apr. 2, 2020). The *Von Drake* and *Landry* courts were similarly asked to stay discovery during the pendency of motions to dismiss. Not so here, where the Defendant has answered the Complaint and where there is proof the Defendant called.

The two cases that the Defendant uses to support its contention that this Court should exercise judicial discretion in staying discovery in connection with a motion for class certification are similarly distinguishable. In *Stewart*, 669 F.2d at 331, the plaintiffs "served with their complaint a motion for certification of the plaintiff class." Not so here, where the Plaintiff has yet to file a motion for class certification and requires discovery in order to do so. And there, the Fifth Circuit held that it was simply an appropriate exercise of the trial court's discretion to deny the plaintiff's "61-paragraph document request, which asks for documents relating to every aspect of life in the jails of Mississippi's 82 counties," and comprised "potentially millions of pages of documents. *Id.* at 331–32. Similarly, in *Kamm v. California City Dev. Co.*, 509 F.2d 205, 209 (9th Cir. 1975), just like the other cases above, the defendants brought a motion to dismiss, which was ultimately granted and disposed of the class claims. The Ninth Circuit's

holding found that it was not an abuse of discretion to refuse to permit discovery when the plaintiffs' complaint was defective as a matter of law and that no amount of discovery would salvage the class claims, even during the pendency of an interlocutory appeal.

The Plaintiff's requests here are quite tame by comparison, seeking only the identities and other pertinent information of the vendors the Defendant hired to place the call, the identities of the employees conducting telemarketing, and documents related to call logs and complaints for the putative class. These types of documents are of the exact type that Courts routinely hold are necessary and even *compel production of* in TCPA class actions like this one. *See, e.g.*, *Perrong v. Sperian Energy Corp.*, No. 219CV00115RFBEJY, 2020 WL 6287723, at *4 (D. Nev. Oct. 27, 2020) (awarding spoliation sanctions for failure to preserve call records and vendor invoices). Moreover, there is significant overlap in both the classwide and individual discovery, which would render any discretionary stay "counterproductive." MANUAL FOR COMPLEX LITIGATION (Fourth) § 21.15 (2015). In order to obtain evidence to prove her claims, the Plaintiff will still need to seek the same categories of evidence, including the identities of the vendors and/or employees with whom she spoke in order that she can depose them. So too are the calling records and the conduct of the respective employees and vendors, together with any revocations or indications that the Plaintiff did not want to be called, which would not only disprove affirmative defenses but also might serve as the basis for treble damages.

Here, any proposed discretionary stay would almost guarantee that the parties will need to duplicate their work. Indeed, faced with a far more meritorious motion in a TCPA case just last year, the Northern District of Illinois stated:

> There will be some overlap in discovery here. Discovery as to commonality and typicality under Rule 23 will also apply to the merits of the claim. Moreover, the Supreme Court in *Walmart v Dukes* has said the district court must conduct a rigorous analysis in determining class certification and that will often require some evaluation

> about facts that go to the merits of a plaintiff's underlying claims. Thus, [staying] discovery often does not make sense as the lines between "class discovery" and "merits discovery" are significantly blurred.

*Katz v. Allied First Bank, SB*, Civil Action No. 22-cv-5277, ECF No. 14 (N.D. Ill. Jan. 3, 2023).

Nor does the Plaintiff's prior litigation history at all warrant a discretionary stay of class discovery. The attempted use of past litigation to prevent a litigant from pursuing a valid claim in federal court warrants "careful scrutiny." *Outley v. New York*, 837 F.2d 587, 591-92 (2d Cir. 1988). Not only is the fact that the Plaintiff has filed multiple lawsuits *irrelevant* to the merits of her claims, the practice is one *which is actively endorsed* by the federal courts. "Nothing in the Constitution, though, requires a plaintiff to be a naïf. Litigation is not college athletics: there is no 'amateurs only' rule." *Cunningham v. Rapid Response Monitoring Servs.*, 251 F. Supp. 3d 1187, 1195 (M.D. Tenn. 2017); *see also Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 954 (7th Cir. 2006) ("What the district judge did not explain, though, is why 'professional [plaintiff]' is a dirty word. It implies experience, if not expertise. The district judge did not cite a single decision supporting the proposition that someone whose rights have been violated by 50 different persons may sue only a subset of the offenders."); *Abramson v. Oasis Power LLC*, No. 2:18-cv-00479, 2018 U.S. Dist. LEXIS 129090, at *16 (W.D. Pa. July 31, 2018) ("As other courts addressing this issue have agreed, a citizen's decision to aggressively enforce his rights under the TCPA should not negate otherwise valid privacy interests.").

For the foregoing reasons, there is simply no reason why this Court should entertain a discretionary stay of class discovery. The Defendant has failed to make any showing whatsoever that this remedy is even remotely appropriate, as it has not even moved to dismiss the complaint against it in any respect. Accordingly, discovery into the class action claims must proceed forthwith, as the Defendant itself seemingly contends. (Br. at p. 6).

2. **Defendant has made no showing that a protective order is warranted.**

The requirements imposed by FED. R. CIV. P. 26(c)(1) for seeking a protective order are particularly stringent. As explained above, the Rule requires the party seeking the protective order to demonstrate "good cause" for the order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.*

However, just like its request to stay discovery in this Court's discretion, the Defendant simply parrots examples of cases where protective orders were granted without further analysis. Accordingly, as a preliminary matter, the Defendant has failed to articulate the "good cause" that the Rule requires. *See Axis Surplus*, 650 F. Supp. 3d at 501. As the Court held in *Axis Surplus*, the party seeking the protective order bears the burden of showing that a protective order is necessary, "which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Id.* To the extent that the Defendant's motion contains any statements why a protective order is necessary at all, simple claims of "fairness" and metaphysical doubts as to the appropriateness of class certification are the exact type of "stereotyped and conclusory statements" that are insufficient to demonstrate "good cause" for a protective order. As explained above, the discovery sought is aimed at determining whether a class should be certified, that is, prove or disprove a disputed but appropriately-founded legal claim, and are hardly made for the purposes of "annoyance, embarrassment, oppression, or undue burden or expense."

What's more, a careful review of the cases cited by the Defendant show that this case does not even come close to meeting Rule 26(c)(1)'s "good cause" standard for issuance of a protective order. For example, in *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990), a protective order was warranted when the plaintiffs sought to depose

multiple witnesses during the pendency of a summary judgment motion in apparent retaliation for an extension request, and the plaintiffs did not respond to the motion. Similarly, in *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 674 (5th Cir. 1985), the court granted a protective order restricting the use of race and sex data to the case and prohibiting its release to the Equal Employment Opportunity Commission for enforcement of federal labor laws outside the case at bar. And the Supreme Court's *footnote* in *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 357 n.24 (1978) merely stands for the unremarkable proposition that discovery must proceed without judicial intervention unless a party moves to compel or for a protective order, and that providing notice to class members in a certified class action is a cost that the plaintiff must sometimes bear.

Finally, it is not at all clear how the Fifth Circuit's decision in *Walker v. Livingston*, 381 F. App'x 477, 480 (5th Cir. 2010), applies here in any respect. To begin with, that case did not deal with protective orders whatsoever. In that case, the Fifth Circuit held that civil rights claims against various prison officials were barred by various immunity defenses and that the inmates' resulting lack of standing barred further discovery into those claims that were subject to immunity. That's an unremarkable proposition, and is nothing like that here, where the Plaintiff does not seek discovery into any dismissed claims or any claims for which she lacks standing.

Moreover, a protective order is further unwarranted because any requested say or denial of class discovery will severely prejudice the Plaintiff, including through the loss of evidence held by third parties, such as any third-party vendors involved in the Defendant's calls. The risk to the class members' interests is not merely hypothetical. Multiple decisions have turned on the destruction of telephone records. For example, in *Levitt v. Fax.com*, No. 05-949, 2007 WL 3169078, at *2 (D. Md. May 25, 2007), the court denied class certification in a TCPA fax case because "critical information regarding the identity of those who received the facsimile

transmissions" was not available. Likewise, in *Pasco v. Protus IP Solutions, Inc.,* 826 F. Supp. 2d 825, 831 (D. Md. 2011), the court was compelled to grant the defendant's motion for summary judgment where Mr. Pasco was unable to obtain the "transmission data on which to support their claims that [the defendant] sent them the unsolicited faxes at issue."

As a result, courts regularly permit plaintiffs to commence classwide discovery related to these issues, particularly those implicating non-parties in TCPA cases. *See, e.g., Abramson v. All American Power and Gas PA, LLC,* Civil Action No. 2:20-cv-1173 (W.D. Pa. Sept. 9, 2020); *Cooley v. Freedom Forever LLC et. al.*, Civil Action No. 2:19-cv-562, ECF No. 37 (D. Nev. July 19, 2019); *Cooley v. First Data Merchant Services, LLC et. al.*, Civil Action No. 19-cv-1185, ECF No. 32 (N.D. Ga. July 8, 2019); *Abante Rooter and Plumbing, Inc. v. Birch Commc'ns, Inc.* Civil Action No. 15-cv-03562, Dkt. No. 32 (N.D. Ga. 2016); *Mey v. Interstate National Dealer Services, Inc., et al.*, Civil Action No. 14-cv-01846, Dkt. No. 23 (N.D. Ga. Aug. 19, 2014).

Here, Plaintiff is simply seeking to proceed in the ordinary course with discovery, including classwide discovery. There is nothing about ordinary, classwide discovery in a TCPA case of the manner which the Plaintiff has propounded that will in any way cause the Defendant "annoyance, embarrassment, oppression, or undue burden or expense." The Defendant certainly has not identified any of the Plaintiff's requests it contends does so, let alone made a specific showing of good cause as to how each challenged request constitutes the same as it is required to do under Rule 26's explicit mandate. If the Defendant believes it can prevail in defeating class certification, it can oppose the Plaintiff's motion, as it apparently intends to do. Until that time, however, the Plaintiff must be permitted to gather evidence to prove the Class claims.

9

## CONCLUSION

Because the Defendant has failed to show why the Court should exercise its discretion and stay class discovery, and because the Defendant has failed to show "good cause" why the requested class discovery subjects it to "annoyance, embarrassment, oppression, or undue burden or expense," the Defendant's motion must be denied in total.

RESPECTFULLY SUBMITTED AND DATED this 8th day of April, 2024.

*/s/ Anthony Paronich*
Anthony Paronich
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100