IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| STEPHANIE BROWN, on behalf of herself and others similarly situated, § § § | | |
| Plaintiff, § § | | |
| vs. § | Civil Action No. 1:24-cv-16-MAC | |
| § § | | |
| PREMIER HEALTH SOLUTIONS, LLC, § § § | | |
| Defendant. § | | |

**DEFENDANT'S REPLY TO RESPONSE TO MOTION FOR PROTECTIVE ORDER**

Premier Health Solutions, LLC ("Premier"), files this Reply to Response to Motion for Protective Order:

**I.
Initial Discovery Should First Address Whether Plaintiff Can Maintain an Action**

1. Contrary to Plaintiff's assertions in her Response, Defendant merely requests that the Court delay class discovery until it is established that Plaintiff individually has a right to maintain an action against Defendant under the Telephone Consumer Protection Act ("TCPA") or the Florida Telephone Solicitation Act Autodial Class ("Florida Telephone Act"). While Plaintiff asserts that a call was made to her telephone, Defendant has no record of any call being made to that telephone number in violation of the Do Not Call Registry. Defendant has answered the discovery as to communications with Plaintiff and advised it has no record of a call to her number. If Defendant did not make a telephone call to Plaintiff as alleged in the Petition, then Plaintiff would have no standing to assert either individual or class action causes of action against Defendant.

2. Defendant's Motion for Protective Order simply requests that the discovery premised on discovering other potential class members be postponed until such time as

the Court can address whether Plaintiff can maintain an individual cause of action much less whether Plaintiff is a proper lead plaintiff in a class action suit. If Plaintiff is not an appropriate lead plaintiff, then she would not be entitled to pursue a class action suit on behalf of other potential class members. Because Plaintiff is a commercial litigator, she does not qualify as a lead plaintiff in a class action suit. *See, Stoops v. Wells Fargo Bank, N.A.*, No. CV 3:15-83, 2016 WL 356266 (W.D. Pa. June 24, 2016); *Telephone Science Corp. v. Asset Recovery Solutions, L.L.C.,* No. 15-CV-5182, 2016 WL 4179150, at *1 (N.D. Ill. Aug. 8, 2016).

    **3.**    Defendant has no record of calling the number identified by Plaintiff. If Defendant never placed a call to the number identified by Plaintiff, Plaintiff would not have standing to bring a class action on behalf of herself or others. As Plaintiff's response concedes, the decision in *Geraci v. City of Austin,* No. 1:19-CV-340-LY-SH, 2019 WL 6050728, at *1 (W.D. Tex. Nov. 14, 2019), agreed that it was appropriate to stay discovery when the plaintiff may not be able to pursue the litigation herself. Where a motion challenging Plaintiff's standing to assert her own as well as her class action complaints could eliminate the class aspect of the case, requiring the parties to conduct expensive class discovery is unnecessary until that determination is made by the Court.

## II.
## Individual Claim Should be Addressed Before Class Discovery

    4.    Plaintiff's reliance on a decision out of a Pennsylvania district is misplaced as in that ruling, the Court specifically noted that the Court had not previously bifurcated discovery. *Frey v. Frontier Utils. Northeast, L.L.C.*, No. 19-2372-KSM, 2020 WL 12697468(E.D. Pa. Apr. 13, 2020). In contrast, this Court has previously held that that "individual claims should be addressed prior to initiating class-wide discovery."

*Whittington v. Mobiloil Federal Credit Union*, No. 1:16-CV-482, 2018 WL 4278503, at *1 (E.D. Tex. Apr. 5, 2018).  This Court has yet to address whether class action discovery should proceed before Plaintiff's standing to assert either individual or class action complaints has been established.

5. Plaintiff asserts that class discovery is necessary at this stage essentially for fear of the possibility of spoliation of evidence.  However, in the unlikely event of spoliation of evidence occurring after a lawsuit has been filed, the Court could address that issue if it even arose. That is not a legitimate reason to require class discovery before the Plaintiff has even shown her standing to pursue a claim on her own.

6. Plaintiff also cites to cases outside of Texas and the Fifth Circuit for the premise that plaintiffs are allowed to commence class wide discovery.  Doc. 10, Page 9. However, Plaintiff does not provide any proper citation to the string cite of cases.  A search of Pacer for the *Abramson* decision referred to by Plaintiff only found three orders on the date cited by Plaintiff – a Case Management Order, Order on Motion to Appear Pro Hac Vice, and an Order on Motion for Extension of Time to File Answer.  In *Cooley v. Freedom Forever, L.L.C.*, No. 2:19-cv-00562-JCM-NJK, Doc. 37 (D. Nev. July 19, 2019), the Court had previously prohibited the Plaintiff from engaging in any class wide discovery.  The July 19, 2019 decision made a limited lift of a stay to allow discovery into another potential defendant to comply with the Court's Scheduling Order for adding new defendants. Similarly, the three line order in *Cooley v. First Data Merchant Services, L.L.C.*, No. 1:19-cv-1185, Doc. 32 (N.D. Ga. July 8, 2019), simply allowed limited discovery on "the John Doe Corporation or any third party that may have information that could identify putative class members."  The decision in *Abante Rooter & Plumbing, Inc. v. Birch*

*Communications, Inc.*, No. 1:15-cv-3562-AT, 2016 WL 269315, at *3 (N.D. Ga. Jan. 7, 2016), contained no substantive discussion concerning discovery for class action claims and the class is only mentioned in a single sentence. Likewise, the order in *Mey v. Interstate National Dealer Services, Inc.*, No. 14-cv-01846, Doc. 23 (N.D. Ga. Aug. 19, 2014) contained no discussion regarding the merits of class discovery.

7. Interestingly, in attempting to identify the cases improperly cited by Plaintiff, a Westlaw search for the *Abramson* decision located another case involving Stewart Abramson, which identified him as being "on a crusade against robocalls." *Abramson v. First American Home Warranty Corp.*, No. 22-cv-1003-NR, 2023 WL 2214248, at *1 (W.D. Pa. Feb. 24, 2023). That *Abramson* decision actually limited the scope of permissible discovery to a discrete issue of whether the individual plaintiff could proceed in district court. *Id.*

8. Plaintiff further attempts to distinguish the caselaw cited by Defendant concerning staying discovery by asserting that those cases only apply to a motion to dismiss. While those holdings did involve a pending motion to dismiss, nothing in those decisions limit the stay of discovery to a motion to dismiss. Plaintiff should not be permitted to conduct class action discovery simply because her Petition is artfully worded. Nor should Defendant be required to engage in class action discovery because it chose not to fill the Court's docket with a Motion to Dismiss instead of challenging the merits of the claim. Because Defendant disputes that it made any call to Plaintiff in violation of the TCPA or the Florida Telephone Act and because Plaintiff appears to be a serial litigator of these type claims, it would be appropriate to first ascertain whether Plaintiff has standing to assert the claims alleged in the Petition before engaging in class discovery.

## III.
## Request for Protective Order

9. The Fifth Circuit allows the trial courts to stay discovery for "good cause" until after threshold legal issues which may dispose of the case are resolved. *Fujita v. United States*, 416 Fed. Appx. 400, 402 (5th Cir. 2011), *citing Petrus v. Bowen,* 833 F.2d 581, 583 (5th Cir. 1987). Courts should have concern about commercial litigators using the threat of costly class action discovery to increase the expense of litigation without even allowing basic discovery into whether the Plaintiff has a potential right of recovery. For that reason, Defendant requests that this Court exercise its discretion to stay class action discovery until such time as the Court makes determination of whether Plaintiff can recover on her own behalf, much less whether she can pursue a class action.

Respectfully submitted,

*/s/ Deanne C. Ayers*
Deanne C. Ayers (State Bar No. 01465820)
dayers@ayersfirm.com
Julie B. Tebbets (State Bar No. 00793419)
jtebbets@ayersfirm.com
AYERS & AYERS
4205 Gateway Drive, Suite 100
Colleyville, Texas 76034
(817) 267-9009 Telephone
(817) 318-0663 Facsimile
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document was filed electronically with the United States District Court for the Eastern District of Texas, with notice automatically routed to Plaintiff via the Court's CM/ECF system on this the 15th day of April, 2024.

*/s/ Deanne C. Ayers*
Deanne C. Ayers